United States District Court
Southern District of Texas

**ENTERED**

November 30, 2016

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TARUS VANDELL SALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-15-256 |
| | § | |
| LORIE DAVIS, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

Petitioner Tarus Vandell Sales was convicted of capital murder and sentenced to death in 2003.  After unsuccessfully seeking appellate and habeas relief, Sales filed this federal petition for a writ of habeas corpus.  (Docket Entry No. 8).  Sales's petition raises 28 grounds for relief, many of which he did not present in state court.  Sales's first claim relied on newly acquired affidavits to argue that he is actually innocent of capital murder.  Sales did not raise an actual-innocence claim in state court based on the factual scenario the affidavits provide.  The respondent, Lorie Davis, answered, in part arguing that Sales defaulted consideration of several claims by not exhausting them in the state court.  Sales has not replied.

The court **ORDERS** Sales to file any reply on or before **December 30, 2016**.  In his reply, Sales must discuss whether an avenue of state-court review remains open for his unexhausted claims.  Because "the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims," the law is clear that "federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims."  *Rhines v. Weber*, 544 U.S. 269, 273 (2005); *see also* 28 U.S.C.

§ 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"). However, "[t]he exhaustion doctrine . . . turns on an inquiry into what procedures are 'available' under state law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999). If a state court remains available to a petitioner to consider unexhausted claims, the "district court has discretion to stay a mixed petition . . . to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected petition." *Day v. McDonough*, 547 U.S. 198, 210 n.10 (2006). Otherwise, a federal court may review an inmate's unexhausted claims only if he shows: (1) cause and actual prejudice or (2) that "a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent[.]'" *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

Sales argues that he can show actual innocence under *Schlup v. Delo*, 513 U.S. 298, 326 (1995). In *Schlup*, the Supreme Court specified that actual innocence allows for federal review when a petitioner "support[s] his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." The Texas courts rely on *Schlup* to evaluate whether an inmate can litigate a successive habeas application under TEX. CODE CRIM. APP. art. 11.071 § 5(a)(2). *See Ex parte Fournier*, 473 S.W.3d 789, 794 (Tex. Crim. App. 2015); *Reed v. Stephens*, 739 F.3d 753, 733 (5th Cir. 2014); *Ex parte Blue*, 230 S.W.3d 151, 160 (Tex. Crim. App. 2007). In his reply, Sales must also discuss whether the arguments he makes to allow for federal review of his unexhausted claims would also allow him to file a successive state habeas application. If state review potentially remains open to Sales, the principles of federalism and comity would suggest staying this federal action to provide an opportunity for the state courts to rule on Sales's

2

claims in the first instance.  *Rhines*, 544 U.S. at 273.

   If Sales requests a stay for the purposes of exhaustion, the respondent may file a response by January 20, 2017.

     SIGNED on November 30, 2016, at Houston, Texas.

          Lee H. Rosenthal
        Chief United States District Judge